UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| LUIS BRIONES, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:15 CV 446 |
| JEFFREY LANE SANFORD, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Luis Briones, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that his retained State court criminal defense attorney accepted $7,500.00, but then withdrew from his case in 2009. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Briones alleges that a private criminal defense lawyer kept his money even though he did not do the work to earn it. This did not violate a federal constitutional right and the lawyer was not acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (A criminal defense attorney, even an appointed public defender,

does not act under color of state law.) Moreover, this claim is untimely because "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Because Briones waited nearly six years to bring this claim, it is barred by the statute of limitations.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here because no amendment could make these allegations a constitutional violation, make the private attorney a state actor, or make this claim timely.

For the forgoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: October 1, 2015

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT